UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-012 |
| Plaintiff, | JUDGE DLOTT |
| vs. | SUPERSEDING INFORMATION |
| NIRAJ PATEL, | 18 U. S. C. § 1027 |
| Defendant. | 26 U. S. C. § 7206(1) |

**THE UNITED STATES ATTORNEY CHARGES:**

**INTRODUCTION**

At all times material to this Indictment:

1. The Employee Retirement Income Security Act of 1974 (ERISA), Title 29, United States Code, Section 1001 et seq., was enacted to protect the interests of participants in private sector employee welfare benefit plans, including employee pension benefit plans. An employee pension benefit plan is a plan, fund, or program established or maintained by an employer or association of employers for the purpose of providing retirement income to employees. Employees that elect to participate in the retirement plan can save a portion of their income and defer paying taxes on the income until they withdraw their money from the plan either at retirement or through early withdrawals. A typical ERISA employee pension benefit plan is the 401(K).

2. ERISA requires that sponsors of private employee benefit plans design and administer their plans in accordance with ERISA. The core of Title I of ERISA consists of provisions that address the conduct of persons (fiduciaries) who are responsible for operating pension and welfare benefit plans. Fiduciaries are required to discharge their duties solely in the

interest of plan participants and beneficiaries for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration.

3. Plan sponsors of ERISA pension benefit funds frequently retain a Third Party Administrator (TPA) to administer the benefit plans. A TPA commonly serves as an agent of plans for processing claims and for general plan administration and recordkeeping.

4. Acme Health Services, Inc. is a Home Health Care provider, headquartered in Indianapolis, Indiana ("ACME").

5. Academy Health Services, Inc. ("ACADEMY") is a Home Health Care provider, headquartered in Dayton, Ohio.

6. ACME is an employer engaged in commerce that sponsors the AHS 401(k) plan ("AHS plan"), has 2 or more participants and the AHS plan is subject to ERISA.

7. ACADEMY is engaged in commerce, has adopted the AHS plan, and is a participating employer whose employees may participate in the AHS plan.

8. J.P. and V.P. are the Fiduciaries for the AHS plan and have the sole authority to manage its assets.

9. The defendant, **NIRAJ PATEL**, was employed by ACADEMY. However, **PATEL**, was not a fiduciary for the AHS plan and did not have the authority to act on behalf of the AHS plan. **PATEL** maintained a personal bank account at Fifth Third Bank (x9305).

10. Latitude Retirement is headquartered in Indiana and registered to do business in Ohio. Latitude Retirement maintains an office at 7750 Montgomery Road, Cincinnati, Ohio in the Southern District of Ohio. Latitude Retirement served as a TPA for the AHS plan, processing claims, and managing plan administration and recordkeeping.

2

11. Mid Atlantic Trust Company, located in Pennsylvania, served as the asset custodian for the AHS plan.

## COUNTS ONE
### (False Statements and Concealment of Facts in Documents Required by ERISA)

12. Paragraphs 1 through 11 of the Superseding Indictment are incorporated here

13. On or about the date set forth below, in the Southern District of Ohio and elsewhere, in documents required by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to be kept as part of the records of the AHS Plan, an employee pension benefit plan, the defendant, **NIRAJ PATEL**, did make false statements and representations of fact, knowing the same to be false, and did knowingly conceal, cover up and fail to disclose facts, which were necessary to verify, explain, clarify and check for accuracy and completeness the Application for Hardship Withdrawal, a document required to be kept as part of the plan's records:

| Count | Date | Description |
| --- | --- | --- |
| 1 | 7/1//2019 | **Patel** completed a hardship withdrawal application containing false statements purportedly verified by J.P., one of the Plan fiduciaries, and submitted it to Latitude Retirement Services for processing. |

**All in violation of Title 18, United States Code, Section 1027.**

## COUNT TWO
### (False and Fraud Statements (Declarations Under Penalty of Perjury))

On or about October 10, 2020, the defendant, **NIRAJ PATEL**, did willfully make and subscribe a document that purported to be a Form 1040, a U.S. Individual Income Tax Return, for tax year 2019, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That

3

document, which the defendant prepared and subscribed in the Southern District of Ohio and filed with the Internal Revenue Service, stated on line 4, that he had received adjusted gross income in 2019 of $0, whereas, as he then and there knew, he received more than $0 in adjusted gross income in 2019.

**All in violation of Title 26, United States Code, Section 7206(1)**

                                                KENNETH L. PARKER
                                                UNITED STATES ATTORNEY

_____
ANTHONY SPRINGER, 0067716
**Assistant United States Attorney**

EG